(119 App. Div. 196)

### In re BOARD OF RAPID TRANSIT COM'RS.

(Supreme Court, Appellate Division, First Department. May 17, 1907.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENT OF DAMAGES —PARTIES.

The city of New York is a proper formal party to an application by the board of rapid transit commissioners to secure approval of a report of the commissioners authorizing a change of route of the subway.

In the matter of the application of the board of rapid transit commissioners to secure approval of a report authorizing a change of route of the subway under Park avenue between Thirty-Third and Forty-Second streets. Motion to bring in the city of New York granted, and motion of property owners for final order on report of commissioners denied, with leave to renew as stated in opinion.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and LAMBERT, JJ.

Edward N. Shepard, for rapid transit board.
Theodore Connoly, for city of New York.
Gilbert H. Crawford, for F. W. Devoe.
Arthur H. Masten, for C. T. Barney and others.
Harrison & Byrd, for George H. Byrd.
Charles G. Bennett, for A. D. Huntington.

PER CURIAM. This was a motion made by the board of rapid transit commissioners to make the city of New York a formal party to this proceeding. This application is to approve the report of the commissioners authorizing the change of route of the subway under Park avenue between Thirty-Third and Forty-Second streets. The question before the court is whether or not this report should be confirmed.

Public notice as required by the statute was given of the application for the appointment of these commissioners and the application for the confirmation of their report. Under such notice all persons interested in the question had notice of the application and are therefore parties to the proceeding. There was no appearance in opposition to this application by the city of New York, nor have they up to the present time appeared in the proceeding. The conditions imposed by this court upon which this report would be confirmed have not yet been complied with, and the court has no power to compel the parties making the application to comply with the conditions that it has imposed, nor is it proposed to make any order of that kind. The only result of a refusal of those interested in operating and maintaining this subway to comply with the conditions imposed will be a denial of the application to confirm the report, which will leave the existing subway an unauthorized structure and justify an application by any of the abutting property owners who are interested, and who appeared to oppose the confirmation of the report, to apply for an order denying the motion to confirm such report.

The learned counsel for the city is in error when he states that "what is sought, apparently, is some kind of mandatory injunction, without notice to the city, and compelling the city to do an act which is entirely beyond its power." No order of any kind, by injunction or otherwise, can be made in this proceeding requiring the city to do anything. The city at any time, by appearing in this proceeding, would have been entitled to have been made a party and entitled to participate in all of the proceedings. We are inclined to think, considering the existing conditions, that the city should be made a formal party to the proceeding; the city to have leave to move, if it is so advised, to open the proceeding and allow it to come in and be heard before the referee, in which case the matter will be referred back to the referee for such further hearing as the city requires, or be allowed to file exceptions to the report of the referee and to be heard as to whether or not it should be confirmed. With the dispute between the property owners and the city as to the payment of these awards this court has nothing to do. It has imposed a condition upon those interested is legalizing the present subway under Park avenue under which, if not performed, the court will be obliged to enter an order denying the application to confirm the report of the commissioners, and with the consequences that would result from such an order this court has nothing to do.

The application will therefore be granted to the extent indicated. In relation to the motion of the property owners to now enter a final order denying the application to confirm the report of the commissioners, the motion is now denied, with leave to the property owners to renew the application to enter such order in case the conditions imposed by this court are not complied with.

Orders to be settled on notice.